

# THE ATTORNEY GENERAL
# OF TEXAS



August 28, 1970

Modified by _____
M-674-A

Hon. O. F. Dent
Chairman
Texas Water Rights Commission
P. O. Box 12396
Capitol Station
Austin, Texas 78711

Opinion No. M- 674

Re: Several Questions con-
cerning filing and ad-
judication of claims
under the Water Rights
Adjudication Act of 1967
(Art.7542a, V.C.S.).

Dear Judge Dent:

You have requested our opinion as to the correct
statutory construction of Section 4 of the Water Rights
Adjudication Act (Chap. 45, (S.B. 92), page 86, Acts of the
60th Leg., Regular Session, effective August 28, 1967;
Article 7542a, Vernon's Civil Statutes of Texas).

Section 4 of the Act reads as follows:

"(a) This Section applies to all claims of
riparian water rights, all claims under
Article 7500a, Revised Civil Statutes of Texas,
1925, to impound, divert or use public waters
of the state for other than domestic or live-
stock purposes for which no permit has been
issued, all claims of water rights under the
Irrigation Acts of 1889 and 1895 which were
not filed with the State Board of Water
Engineers in accordance with the Irrigation
Act of 1913, as amended, and all other
claims of water rights other than claims
under permits or certified filings.

"(b) Any claim to which this Section applies
shall be recognized only if valid under
existing law and only to the extent of
the maximum actual application of water
to beneficial use without waste during

any calender year from 1963 to 1967, inclusive. However, in any case where any claimant of a riparian right has prior to the effective date of this Act commenced or completed the construction of works designed to apply a greater quantity of water to beneficial use, such right shall be recognized to the extent of the maximum amount of water actually applied to beneficial use without waste during any calendar year from 1963 to 1970, inclusive.

"(c)    On or before September 1, 1969, every person claiming any water right to which this Section applies shall file with the Commission a statement setting forth the name and address of the claimant, the location and the nature of the right claimed, the stream or watercourse and the river basin in which the right is claimed, the date of commencement of works, the dates and volumes of use of water, together with such other information as may be required by the Commission to show the nature and extent of the claim. Each claimant or owner shall be required to certify under oath that the statements made in support of his claim are true and correct to the best of his knowledge and belief. Any claimant desiring recognition of a right based on use from 1968 to 1970, inclusive, as provided in Subsection (b) shall file an additional sworn statement on or before July 1, 1971. The Commission shall prescribe forms for the sworn statements, but use of Commission forms shall not be mandatory. On or before January 1, 1968, and June 1, 1969, the Commission shall cause notice of the requirements of this Section to be published once each week for two (2) consecutive weeks in newspapers having general circulation in each county

of the state and by first class mail
to each user of surface water who has
filed a report of water use with the
Commission. <u>Upon sworn petition, notice
and hearing in the manner prescribed for
applications for permits and upon finding
of extenuating circumstances and good
cause shown for failure to timely file</u>, the
<u>Commission may authorize the filing of the
sworn statement or statements required by
this subsection until entry of a prelimi-
nary determination of claims of water
right in accordance with Section 5(d) of
this Act which includes the area described
in the petition or September 1, 1974, if
a preliminary determination has not been
entered.</u>

"(d)  The filing of all claims to use public water
is necessary for the conservation and best
utilization of the water resources of the
state; therefore, <u>failure to file the sworn
statement or statements with the Commission
in substantial compliance with this Section
shall extinguish and bar any claim of water rights
to which this Section applies</u>, and thereafter
no such right shall be recognized. The
sworn statements required by this Section
shall be binding on the person submitting
the statement and his successors in interest
but shall not be binding on the Commission
or any other person in interest. Nothing
herein shall be construed to recognize
any water right which did not exist prior
to the effective date of this Act. This
Section shall not apply to use of water for
domestic or livestock purposes."
(Emphasis Added)

By your question number 1, you ask whether subsection (a)
applied to or included intended use of water at some future
time and whether your Commission must recognize such filed
claims prior to adjudication.

We have concluded that such filed papers are merely what you have denominated them --- "claims," and that before these can be recognized by Texas Water Rights Commission, each must be finally adjudicated so as to take its place in the files as an appropriative right to use waters of the State along with the permits and certified filings. If by "recognizing" such water right claims you mean to suggest that Texas Water Rights Commission may evaluate any one or several claims for water prior to final conclusion of the procedures provided for in Section 5 of the Water Rights Adjudication Act, we must advise that in our opinion such cannot be done. This is necessarily so because a state agency may only exercise powers specifically granted to it by law or which are reasonably necessarily implied from a specific grant of authority. Ft. Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660 (1935); Tri-City F.W.S.D. No. 2 v. Mann, 135 Tex. 286, 142 S.W.2d 945 (1940). The only power to adjudicate is found in Section 5 of the act, and therefore we are of the opinion that it is only in a Section 5 procedure that Texas Water Rights Commission has the power to evaluate the merits of any claim filed under Article 7542a.

Under this Section 5, full provision is made for notices, hearings and adjudication of claims to the use of state-owned waters, together with an appeal to the Courts for confirmation thereof. This is a complete procedure for all adjudications of the merits of a claim.

By question 2 through 5, inclusive, you refer to the provisions of the Water Rights Adjudication Act (Art. 7542a) and ask whether the Texas Water Rights Commission may now use a lack of evidence of beneficial use of water as a reason for Texas Water Rights Commission to hold that "extenuating circumstances and good cause" are not shown by a claimant who now (at a time after September 1, 1969) seeks to file his claim of future intended use with the Commission. As a corollary to this, you inquire whether the Commission may now review all claims, both those timely filed and those now offered for filing where "extenuating circumstances and good cause" are shown, with a view toward summary rejection of those water right claims which do not show any beneficial use of water between the calendar years 1963 and 1967, inclusive, or such other use period allowed by the law.

It is our opinion that Texas Water Rights Commission may consider all sorts of evidentiary matters which are relevant to the tardiness of a claimant in filing his claim late, but that final evaluation of such claims of water rights where good cause or extenuation for lateness in filing is shown must await final evaluation under Section 5 of the Water Rights Adjudication Act. Texas Water Rights Commission has no power or duty to review claims previously filed under this statute before September 1, 1969, without holding a Section 5 adjudication. As to claims now offered as "late" claims for filing with a plea of "good cause" to excuse and extenuate the lateness of the submission, the sole inquiry of the Commission under Section 4 of the statute is to pass upon the validity of the excuse for lateness alleged by such a tardy claimant. Thereafter, until final adjudication, those who filed claims in time or were allowed to file late must receive notices as to all water application until the claim is finally held invalid. This procedure is expressly provided for in Article 7509, Vernon's Civil Statutes, which is a statute required to be construed in pari materia with the Water Rights Adjudication Act. To hold otherwise and allow a more summary or different review than that prescribed by the Texas Legislature would deny to a claimant the due process notice and hearing safe-guards which Section 5 is designed to provide.

This opinion does not prevent action by the Texas Water Rights Commission to accelerate the adjudication of a stream or segment thereof either on receipt of a proper application therefor, or on its own motion, Nor is the Commission precluded from seeking judicial review of any individual water right in a court of law, since Article 7542a does not create a "primary jurisdiction" in the Texas Water Rights Commission which would in effect, place cancellation or adjudication exclusively in the Commission to the exclusion of a court. Harrington v. State, 407 S.W.2d 467 (Tex.Sup. 1966). We do hold herein that administrative review of the merits of a proffered water right claim by Texas Water Rights Commission may only be accomplished under the procedures set out in Section 5 of the Water Rights Adjudication Act, and that such a claim may not be finally evaluated by administrative order in a different proceeding or manner from that prescribed by the Legislature. As to recognition of the filed claims, or of those now accepted on "good cause" shown for lateness in filing, such purported

claims must be given mail notices by Texas Water Rights Commission prior to being finally adjudicated under the law.

## S U M M A R Y

Texas Water Rights Commission may only pass on the issue of whether good cause is shown as to claims presented under the Water Righst Adjudication Acts, whether such were presented before or after September 1, 1969. Final evaluation of all claims on the merits must be accomplished pursuant to the procedures set forth in Sec. 5 of said Act. Claims now filed, or which are accepted hereafter and filed for good cause shown, are water rights entitled to notices by certified mail pursuant to Article 7509, V.C.S. until finally adjudicated not to be a water right.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Gordon Cass
Linward Shivers
A. J. Gallerano
Tom Bullington

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant